Dear Mr. Antonio:
This letter is in response to your question asking whether the State Auditor is legally entitled to access to workpapers and reports relating to examinations conducted by the Division of Finance, Division of Savings and Loan Supervision and Division of Credit Unions.
You have furnished us a memorandum in which it is stated that the State Auditor in order to perform his duties needs access to various records of these divisions and that such access is presently denied. You have advised that this includes access to all workpapers and reports relating to examinations of financial institutions by such divisions.
You have also advised that the Division of Finance and the Division of Credit Unions deny the State Auditor access to the examination records based upon a claim of confidentiality under § 361.070, RSMo, and § 361.080, RSMo. You have also advised that the Division of Savings and Loan Supervision denies the State Auditor access to examination records under the provisions of § 369.294, RSMo.
For the sake of brevity, we have not repeated such sections here.
In the case of the Director of Revenue v. State Auditor,511 S.W.2d 779 (Mo. 1974), the Missouri Supreme Court concluded that the Auditor's constitutional statutory duty and authority to post-audit the accounts of the Department of Revenue need not encompass identification of individual tax returns, and therefore there was no conflict between the Auditor's duty and the statutory sections providing for such confidentiality. The court concluded that the Auditor was in fact furnished information which was necessary to properly conduct a post-audit, such as the total shown on the face of the returns, the income of the undisclosed taxpayer, the amount of tax due, the amount remitted, refund if any, deficiency and amount credited on the department's books. The identity of the taxpayer or the detail of his return other than the totals was not necessary to the Auditor. In response to part of that decision, the Missouri Legislature enacted into law Senate Bill No. 910, 80th General Assembly (§ 32.057, RSMo Supp. 1980), which specifically permits certain records of the Department of Revenue to be subject to inspection by the State Auditor.
It is clear that the case of Director of Revenue v.State Auditor, supra, held that it is not the responsibility of the Auditor to judge the performance of the Department of Revenue or to operate the department or to determine who does or does not pay taxes but that the Auditor has the duty to post-audit accounts only, and in such a situation the duty to post-audit could be adequately performed without revealing the confidential information.
We have concluded in Attorney General's Opinion No. 117, Keyes, December 7, 1977, that the Auditor does have access to papers which are necessary to the performance of his post-audit function. It seems clear that § 29.130, RSMo, provides the State Auditor with free access to all offices of the state for the inspection of such books, accounts and papers as concern any of his duties.
Your question, however, essentially involves a determination of what constitutes a performance audit as opposed to a post-audit. We are of the view that the authority of the State Auditor to conduct a post-audit is not limited by the provisions of confidentiality contained in the cited sections relative to such divisions. We are also of the view that the question of whether or not the information to be obtained by the Auditor is necessary for a post-audit or is being demanded to fulfill a performance audit, which has been clearly held not to be within the authority of the Auditor, is a matter for determination in each individual case. We are therefore of the view that our Opinion No. 117-1977, copy of which we have enclosed, answers your question.
It is our suggestion that the disagreement which exists between such divisions and the State Auditor be properly resolved by stipulation between such offices concerning the nature of the material to be examined, the precise use to be made of such material by the Auditor, and that appropriate identifying information be omitted from the information furnished to the Auditor to the extent that such is unnecessary to the performance of a proper post-audit.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Att'y Gen. Op. No. 117, Keyes, 12/7/1977